ELIZABETH A. VILLANO, EXECUTRIX (ESTATE OF FREDERICK VILLANO) *v.* CARLO POLIMENI ET AL.
(AC 17810)

O'Connell, C. J., and Landau and Dupont, Js.

Argued April 27—officially released September 7, 1999

*C. George Kanabis*, with whom, on the brief, was *Renee Houle*, for the appellant (plaintiff).

*Thomas M. DeLillo*, with whom, on the brief, was *James E. Mattern*, for the appellee (defendant Joseph Polimeni).

*Opinion*

O'CONNELL, C. J. This is a mortgage foreclosure action in which the plaintiff appeals from the trial court's judgment for the defendant Joseph Polimeni[1] on both special defenses. The trial court's judgment was in accordance with the report of an attorney trial referee. The plaintiff executrix of her husband's estate claims that the conclusions of law reached by the referee and adopted by the trial court that (1) a merger of title interest and mortgage interest occurred and (2) the estate was not the owner of the property at the time of the creation of the note and mortgage are inconsistent with the subordinate facts found.[2] Because we conclude that the subordinate facts found by the referee

[1] The original defendants in this action are Carlo Polimeni, Joseph Polimeni and Farmers and Mechanics Savings Bank. Carlo Polimeni was the mortgagor of the mortgage on which the plaintiff sought foreclosure. Joseph Polimeni held a second mortgage on the property, and Farmers and Mechanics Savings Bank held third and fourth mortgages on the property. Prior to judgment, defaults were entered against Carlo Polimeni and Farmers and Mechanics Savings Bank. The only defendant relevant to this appeal, therefore, is Joseph Polimeni.

[2] This claim centers on the confusion that was created by the fact that the plaintiff executed the documents connected with Carlo Polimeni's quitclaim deed to her in her individual capacity, while the mortgage and note that are the subject of this foreclosure action were executed by the plaintiff in her capacity as executrix of the estate of Frederick Villano. The plaintiff's claim that the estate of Frederick Villano and Elizabeth Villano are separate entities for purposes of the payment of the debt, however, is irrelevant. As the trial court properly determined, as sole beneficiary of the estate, for purposes of title, Elizabeth Villano was the owner of the property as of the date of the death of Frederick Villano and, thus, was the owner when the property was transferred to Carlo Polimeni. Under Connecticut law, title to real property passes to a named devisee at the time of death of the owner, subject to divestment if, in the course of administration, funds are needed for debts and expenses. *State* v. *Marks*, 239 Conn. 471, 481, 686 A.2d 969 (1996); *Brill* v. *Ulrey*, 159 Conn. 371, 375, 269 A.2d 262 (1970). Accordingly, a separate discussion of this claim is unnecessary.

support the legal conclusion that payment in full was made on the note thus extinguishing the mortgage that is the subject of the foreclosure, we affirm the judgment of the trial court.[3]

The attorney trial referee found the following relevant facts. The plaintiff, Elizabeth A. Villano, as executrix of the estate of Frederick Villano, conveyed the estate's entire interest in and to certain real property to the defendants Joseph Polimeni and Carlo Polimeni as tenants in common.[4] As consideration for the transfer of property, the Polimenis gave the estate a note and mortgage. Subsequently, Joseph Polimeni conveyed his interest in the property to Carlo Polimeni. In connection with this transaction, Carlo Polimeni executed a new note and mortgage deed to the plaintiff,[5] and gave Joseph Polimeni a second mortgage on the subject property.

When Carlo Polimeni experienced difficulty in paying the note, he quitclaimed his fee interest in the mortgaged property to the plaintiff. The plaintiff accepted the conveyance of the property in payment of the note.

The plaintiff initiated this action against the Polimenis as executrix of the estate[6] seeking strict foreclosure of the mortgage given to the estate by Carlo

[3] Because we conclude that the trial court properly rendered judgment for Joseph Polimeni on his second special defense alleging payment, we need not address the plaintiff's claim that the trial court's judgment for the Joseph Polimeni on his first special defense alleging merger was in error.

[4] The estate owned the property as tenants in common with Rosalie Brax. The remaining interest in the property owned by Brax was also sold to the Carlo Polimeni on the same date. The transactions with Brax are not part of this appeal.

[5] It is this mortgage that is the subject of the foreclosure action.

[6] With respect to Joseph Polimeni, who now claims an interest in the property by way of a second mortgage, the plaintiff alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and detrimental reliance in connection with the agreement between the Polimenis that resulted in Joseph Polimeni's selling his interest in the land to Carlo Polimeni.

Polimeni.[7] Joseph Polimeni filed two special defenses, the first alleging that the note and mortgage merged into the title holder of the subject property when Carlo Polimeni quitclaimed his fee interest in the property to the plaintiff, and the second alleging that Carlo Polimeni conveyed to the plaintiff his interest in the subject property in full payment of the note and mortgage cited in the plaintiff's complaint.

The attorney trial referee made findings of fact that led him to conclude that both merger and payment had occurred, thus extinguishing the mortgage that is the subject of the foreclosure action. Accordingly, pursuant to the recommendation of the referee, the trial court rendered judgment for Joseph Polimeni on both special defenses.

"We begin by setting forth the applicable standards of review. Attorney trial referees are empowered to hear and decide issues of fact. *Spears* v. *Kerars Realty Co.*, 171 Conn. 699, 702–703, 372 A.2d 121 (1976). It is axiomatic that 'a reviewing authority may not substitute its findings for those of the trier of the facts.' *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. *Dills* v. *Enfield*, 210 Conn. 705, 713, 557 A.2d 517 (1989)." *Romano* v. *Derby*, 42 Conn. App. 624, 626, 681 A.2d 387 (1996). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and

---

[7] The plaintiff's second amended complaint contained three counts. The first count sought strict foreclosure of the mortgage given to the plaintiff by Carlo Polimeni, the second count alleged a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and the third count alleged detrimental reliance on the agreement with respect to the land between the Polimenis. Counts two and three were, however, withdrawn by the plaintiff on the morning of the trial before the attorney trial referee.

whether they find support in the facts found by the [attorney trial] referee. See *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987)." (Internal quotation marks omitted.) *Kallas* v. *Harnen*, 48 Conn. App. 253, 257, 709 A.2d 586, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998).

The attorney trial referee made a factual finding that payment of the debt occurred, thus extinguishing the mortgage that is the subject of this foreclosure. The referee found that the plaintiff had accepted the quitclaim deed in full satisfaction of the debt. The referee further found that the plaintiff made no demand of the Polimenis for interest or principal on the debt from the time that the property was conveyed to her until she executed this foreclosure action on behalf of the estate four and one-half years later, thus lending further credence to the conclusion that she accepted the quitclaim deed in full satisfaction of the debt.[8] The trial court relied on those factual findings in its memorandum of decision[9] to conclude that "the plaintiff accepted the quitclaim deed in payment of the debt and, therefore, Carlo Polimeni owed the plaintiff no obligation under the mortgage."

Our review of the record, briefs and oral argument convinces us that the conclusion reached by the attorney trial referee and accepted by the trial court that payment occurred is more than adequately supported by the subordinate facts found.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The following colloquy took place at the hearing before the attorney trial referee:

"[Counsel for the Defendants]: He couldn't pay you?

"[The Plaintiff]: He could not pay me.

"[Counsel for the Defendants]: So, you agreed to take the property back in exchange for any future payments, correct?

"[The Plaintiff]: Yes."

[9] The trial court issued a memorandum of decision in response to the plaintiff's motion for articulation.