[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S OBJECTION TO ACCEPTANCE OF ATTORNEY TRIAL REFEREE'S REPOPT (#116)
The issue before the court is whether the factual conclusions of an attorney trial referee were properly reached on the basis of the subordinate facts found in his report. The court concludes that the referee's factual conclusions are supported by his factual findings and, therefore, the court adopts the recommendation of the attorney trial referee.
On June 28, 1999, the plaintiff, Suburban Health Plan, Inc., filed a one count complaint against the defendant, John L. Yannes, Jr. Construction Corporation. Suburban filed an amended complaint on April 6, 2000. It alleges that the plaintiff provided medical insurance to the defendant for the period June 1, 1997, through May 31, 1998. It further alleges that $5,488.05 is the outstanding balance due for this insurance coverage and that the defendant has failed to pay the balance due.
The defendant filed an answer, dated July 11, 2000, denying the allegations of the complaint. It also asserted a special defense, which alleges that: "There was no contract in place between Plaintiff and Defendant at the times alleged."
On July 14, 2000, a trial was held before Max Stuart Case, an attorney trial referee (ATR). Both the plaintiff and the defendant filed post trial briefs. In its brief, dated August 25, 2000, the plaintiff argued that the evidence presented at trial proved that an express contract existed between the parties. It also argued, in the alternative, that if the ATR finds that no express contract existed between the parties, then, based on the defendant's conduct in making insurance premium payments to the plaintiff and submitting insurance claims to the plaintiff for payment, which were in fact paid, the ATR should find that there was an implied contract between the parties.
In its brief, dated August 31, 2000, the defendant argued that the CT Page 5815 plaintiff contracted with the individual subscriber, John L. Yannes, Jr., and not with the defendant corporation. It argued that the evidence that the plaintiff presented at trial supported the defendant's argument that this contract was with Yannes, rather than with the defendant. Further, it argued that the ATR could not find that the defendant had a contract with the plaintiff unless he first found that the plaintiff had proved that Yannes, in executing the subscriber agreement, was acting as an agent of the defendant or is its alter ego. This, it argued, the plaintiff failed to do.
On December 27, 2000, the ATR filed his report. "Based upon the preponderance of the credible evidence adduced at trial . . ." the ATR found, in relevant part that: the defendant in this case is John L. Yannes, Jr. Construction Corporation; John L. Yannes completed the plaintiff's enrollment form in the enrollment form Yannes identified the employer as John L. Yannes Construction, Inc. and identified the subscriber as John L. Yannes, Jr.; Yannes signed the form as subscriber; and he also signed that portion of the form entitled "To Be Completed by Employer"; within the plaintiff's group membership agreement the term "group" is defined as the employer and the term "subscriber" is defined as the individual enrolled for whom premiums have been paid pursuant to the agreement.
Additionally, the ATR found that the plaintiff: provided health insurance coverage to the defendant; charged the defendant a monthly premium of $376.07 for the period November 1, 1996, through October 31, 1997 and $515.39 for the period November 1, 1997, through May 31, 1998; received a $752.12 payment from the defendant in November, 1997, which was applied to the oldest premiums due; and received monthly premiums from the defendant through May 31, 1997.
Pursuant to the report the ATR also found that: the plaintiff terminated its contract with the defendant on May 14, 1998, due to the defendant's failure to pay outstanding premiums of $5,488.08 and that because the contract was terminated in the middle of the month, the premium due for the month of May should be prorated to reflect the fact that coverage was only provided for fourteen days, rather than for thirty-one days. Moreover, the ATR found that the signed enrollment form, when taken together with the group membership agreement and all the other evidence, was sufficient to constitute an express written agreement between the plaintiff and the defendant. The ATR also found that, although the defendant raised a special defense that there was no contract between the plaintiff and the defendant, it offered no direct evidence to support its defense. Accordingly, the ATR recommended that judgment enter in favor of the plaintiff and against the defendant in the amount of $5,213.17. CT Page 5816
On January 16, 2001, the defendant filed an objection to acceptance of the ATR's report on the ground that the ATR's conclusions, that John L. Yannes, Jr. Construction Corporation is the defendant and is responsible for this debt, are not supported by the factual findings contained in the report. In its memorandum, the defendant argues that while the ATR's report identifies John L. Yannes, Jr. Construction Corporation (Yannes, Jr. Corporation) as the defendant, the enrollment form and group membership agreement both identify the employer as John L. Yannes, Inc. (Yannes, Inc.) (Emphasis added.). The defendant admits that, from such findings, one may infer that Yannes, in signing the enrollment form as both the employer as subscriber, was acting as an agent of John L. Yannes, Inc. It argues, however, that none of the ATR's findings logically leads to the conclusion that Yannes was acting in his representative capacity on behalf of the Yannes, Jr. Corporation or that Yannes, Inc. was in fact Yannes, Jr. Corporation, whom the ATR designated as the defendant. Consequently, it argues that there are no factual findings in the record to support the ATR's conclusion that the defendant, Yannes, Jr. Corporation, is responsible for this bill. Additionally, the defendant argues that this defect is not a defect that may be cured by amending the pleadings so that they reflect the proper party's name. It argues that, in this case, the plaintiff did not merely misname the defendant but, rather, it failed to prove its case against the defendant named in the complaint.
On January 22, 2001, the plaintiff filed a memorandum in opposition to the defendant's objection to acceptance of the ATR's report. The plaintiff argues that the factual findings of the ATR are supported by the evidence that it introduced at trial. Further, it argues that the defendant did not, at any time before the ATR filed his report, ever claim that Yannes, Inc., rather than Yannes, Jr. Corporation, was responsible for payment for these services. It asserts that the defendant's only argument, up until that point, has been that the plaintiff contracted with the individual subscriber, Yannes, and not with the employer, and, therefore, it is the subscriber, rather than the employer, who is liable for payment pursuant to the agreement. It also argues that the defendant failed to produce any evidence to support its special defense that there was no contract between the plaintiff and the defendant; it did not introduce any evidence that Yannes, Jr. Corporation is a separate and distinct entity from that of Yannes, Inc. The plaintiff argues that there is no corporation named Yannes, Inc. registered with the secretary of state. It argues that there is, however, a corporation registered as Yannes, Jr. Corporation and, therefore, it could only have properly brought this action in the name of the registered corporation, Yannes, Jr. Corporation. The plaintiff also argues that there is sufficient evidence in the record from which the ATR could conclude that CT Page 5817 Yannes, Yannes, Inc. and Yannes, Jr. Corporation are all interconnected. Finally, the plaintiff argues that if the court finds that it should have brought this action in the name of the entity listed on the enrollment form and group membership agreement, Yannes, Inc., rather than the corporate name registered with the secretary of state, Yannes, Jr. Construction, then it should be permitted to amend its complaint to correct this error because it is merely a misnomer.
Proceedings before an attorney trial referee are governed by the procedures set forth in Practice Book §§ 19-1 through 19-19. Pursuant to those sections, the attorney trial referee must file a report, setting forth "the facts found and the conclusions drawn therefrom." Practice Book § 19-8. "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found. . . . A party objecting on these grounds must file with the party's objections a transcript of the evidence taken before the committee, [or attorney trial referee] except such portions as the parties may stipulate to omit." Practice Book § 19-14. "The court shall render such judgment as the law requires upon the facts in the report." Practice Book § 19-17.
The court's function in reviewing the ATR's report is twofold. First, it must determine whether there was ample evidence in the record to support the ATR's factual findings. Thermoglaze, Inc. v. MorningsideGardens Co., 23 Conn. App. 741. 746, 583 A.2d 1331, cert. denied,217 Conn. 811, 587 A.2d 153 (1991). Second, it must determine whether "the conclusions reached were in accordance with the applicable law." Id.
In this case, the defendant's objection is totally fact based. It asks the court to reject the ATR's report on the ground that his factual conclusions were not properly reached based on the subordinate facts found. The defendant argues that the plaintiff submitted no proof and, consequently, there is no evidence in the record, connecting Yannes, Yannes, Inc., and the named defendant, Yannes, Jr. Corporation. It argues, further, that the ATR made no factual findings concerning that issue. Accordingly, it argues that because the ATR made no specific factual findings that Yannes, Inc. is, for all intents and purposes, Yannes, Jr. Corporation, he cannot have properly concluded that Yannes, Jr. Corporation is a party to this contract.
The factual findings of an ATR are reversible by the court only if they are clearly erroneous. Meadows v. Higgins, 249 Conn. 155, 162, 733 A.2d 172
(1999); Elgar v. Elgar, 238 Conn. 839, 848-49, 679 A.2d 937 (1996). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support CT Page 5818 it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Meadows v. Higgins, supra, 162. Because the defendant filed no transcript of the evidence taken, as required by Practice Book § 19-14 pursuant to the 2001 amendment, it is "impossible for the court to ascertain whether there is support in the record for the referee's findings of fact. Therefore, the factual findings properly . . . [stand] uncorrected, and the court's role . . . [is] limited to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." (Internal quotation marks omitted.) Id., 170 n. 10. In other words, the court must determine whether the ATR's conclusions "are . . . logically correct and whether they find support in the facts found by the [attorney trial] referee." Villano v. Polimeni,54 Conn. App. 744, 747-48, 737 A.2d 950, cert. denied, 251 Conn. 908,739 A.2d 264 (1999).
Based on this court's review of the report, the court is convinced that the ATR's conclusions logically follow from the factual findings contained in his report.[1] The issue before the ATR was whether there was a contract between the plaintiff and the defendant. "The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . ." (Internal quotation marks omitted.)Richter v. Danbury Hospital, 60 Conn. App. 280, 288, 759 A.2d 106
(2000). "The resolution of . . . conflicting factual claims falls within the province of the trier of fact." Holt v. People's Bank,62 Conn. App. 561, 566, ___ A.2d ___ (2001). The court "cannot retry H the facts or pass on the credibility of the [witnesses]. . . ."Nor'easter Group, Inc. v. Colassale Concrete, Inc., 207 Conn. 468, 473,542 A.2d 692 (1988). The ATR concluded that there was an express contract between the plaintiff and the defendant. On the basis of the findings of fact stated above, these findings are not clearly erroneous and, therefore, the court may not reject them. Further, while the defendant's special defense that there was no contract between these parties is in direct contradiction to the ATR's conclusion that there was a contract between the two, the ATR specifically found that the defendant offered no proof to support that defense. It is axiomatic that it was the defendant's burden to prove its special defense. Branch v. Occhionero, 239 Conn. 199,206, 681 A.2d 306 (1996)
It failed to do so.
Judgment may enter for the plaintiff in accordance with the referee's report.
By The Court CT Page 5819
Grogins, J.