[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was commenced in December, 1998, and was resolved by hearing before an attorney trial referee. The allegations of the complaint are in fraud, negligent misrepresentation and an alleged breach of covenant as contained in a warranty deed.
The matter was heard before Edward O'Connell, Esq., Attorney Trial Referee. Mr. O'Connell filed his report in a timely manner and in accordance with the provisions of P.B. § 19-8 on July 26, 2000. The defendants have objected to the report of the attorney trial referee. The objection addresses specific findings made as well as the failure of the attorney trial referee to make certain findings which were requested. The defendants also object to the conclusions of said report.
It is well established that "attorney trial referees are empowered to hear and decide issues of fact. . . . it is axiomatic that a reviewing authority may not substitute its findings for those of the trier of the facts. . . . the trial court, as the reviewing authority, may render whatever judgment appropriately follows as a matter of law from the facts found by the attorney trial referee. . . . where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the attorney trial referees." Villano v. Polimeni, 54 Conn. App. 744, 747-48,737 A.2d 950, cert. denied, 251 Conn. 908, 739 A.2d 264 (1999).
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principal applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted; internal quotation marks omitted.) Elgarv. Elgar, 238 Conn. 839, 679 A.2d 937 (1996). "The factual findings of a trial referee on any issue are reversible only if they are clearly erroneous. . . . (a reviewing court) cannot retry the facts or pass upon the credibility of witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it or when although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." CT Page 7399
The initial issues addressed by the defendant's objection to the report of the attorney trial referee is the attorney trial referee's failure to find certain specified facts. The objection contains eight specific facts that the defendant claims should have been found. The defendant alleges that those facts are part of the evidence that was offered during the hearing of the matter itself. Those facts were also urged as findings in the defendant's post trial brief dated April 24, 2000, which the attorney trial referee had, and presumably considered, prior to arriving at his own findings.
At this stage of the proceedings the court's ability to find additional facts or to sustain an objection to the facts found in the manner presented here is limited. The court's power is limited in that "a trial court cannot find additional facts or reject others unless a material fact has been found without evidence." Dills v. Enfield, 210 Conn. 705,713, 557 A.2d 517 (1989). Because the facts subject to the objection here involve matters of factual determination, as opposed to matters of law, the trial court cannot properly invade the referee's fact finding province. See Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423 (1989), cert. denied, 214 Conn. 804 (1990). A review of the entire transcript of these proceedings show that the attorney trial referee's findings are supported by evidence contained therein. Accordingly, the court finds that the findings of the trial referee are not clearly erroneous.
Similarly, the defendant's objections as to the attorney trial referee's conclusions can be regarded according to the same standards. With respect to conclusion number 1, the court finds ample evidence in the record to support the fact finders conclusion that Mr. Fowler's work did not result in a permanent repair. Indeed, it appears from the evidence submitted during the trial that Mr. Fowler himself was of that opinion, and further that he conveyed that opinion together with suggestions as to a permanent repair to the defendants. There was also contradictory evidence as to how frequently the septic system was subject to being pumped during the period following Mr. Fowler's repair. It is certainly within the fact finder's discretion to make the finding that he did, and the record does not support an indication that those findings were clearly erroneous.
With respect to the objection to the fact finder's third conclusion, the defendant's objection does not properly state the finding that was made by the fact finder. The fact finder's review of the residential property condition disclosure report and C.G.S. § 20-327b is not undertaken with an eye towards determining whether the violation of the statute itself or a misrepresentation of a material fact in that report gives rise to liability independent of some other action. Instead, the CT Page 7400 report is analyzed in view of the creation over the imposition of a "duty on the defendant to make a full and fair disclosure of conditions addressed by the report itself". In this regard, the attorney trial referee's conclusion is consistent with the current state of law and with the conclusion reached by the Appellate Court in stating that "a vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for in so doing, he is not merely remaining silent, but is taking active steps to mislead." (Citations omitted.) Wedig v. Brinster, 1 Conn. App. 123
(1983). When viewed in light of the other conclusions made by the attorney trial referee, specifically the conclusion that nondisclosure may constitute fraud, the analysis of the report in question and of the statute cannot be said to be clearly erroneous.
The defendants challenge conclusion number 6 by stating that the failure to disclose the problem with the septic system cannot constitute clear and convincing evidence. Again, this is a factual finding and should not be disturbed unless it is clearly erroneous. When taken in the context of the failure to disclose the easement on the same form, and the conclusion of the attorney trial referee that the defendant had knowledge of the problems regarding their system and failed to disclose those problems, conclusion number 6 cannot be said to be clearly erroneous.
The defendants allege that the attorney trial referee is improperly imputing constructive knowledge to the defendants. The transcript contains adequate evidence for the trial referee to have found that the defendants had actual knowledge that the system was defective. Mr. Fowler in his direct testimony said that he told the defendants that his repairs were temporary, and that he further told them that the way to remedy the situation would be to raise the house and to add a substantial amount of fill in order to allow for a proper septic system. Further knowledge could be inferred from the defendant's consulting with the McGuire Construction Company who also submitted an estimate to the defendants for repairing or replacing the current system. Based on those facts, there is more than an adequate basis for the attorney trial referee to have imputed knowledge of the defective system to the defendants.
Finally, the information contained in finding number 2 as well as conclusion number 11, are not clearly erroneous in that the attorney trial referee could have found that the sale price of the property was $66,000.00 and that there was an agreement to provide a credit for closing costs from the seller to the purchaser. Again, that is a factual finding within the discretion of the attorney trial referee which this court will not disturb. CT Page 7401
In light of the foregoing, the defendant's objections to the report of the attorney trial referee are overruled in their entirety.
Robaina, J.