[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: COURT'S ACCEPTANCE OF REPORT
The issue before the court is whether judgment should enter in this case in accordance with the recommendation of the attorney trial referee who heard the parties' dispute. The Defendant Jannett L. Faust objects to the report of the attorney trial referee and requests this court to modify the report and award her $3,951.66 in addition to what the referee has recommended she be awarded. Plaintiff Condor Capital Corp., on the other hand, asks the court to enter judgment in accordance with the report without modification. For the reasons stated below, judgment is entered in accordance with the attorney trial referee's recommendations.
Condor brought suit to recover from Faust the balance remaining on a retail installment sale contract after Condor repossessed and sold a car that Faust had purchased. The attorney trial referee recommends that this court find against Condor on its complaint because Condor did not comply with the strict notice requirements of Connecticut's Retail Installment Sales Financing Act ("RISFA"), Gen. Stat. §§ 36a-770 through 788, and award Faust attorney's fees and costs.
Faust filed three counterclaims. The attorney trial referee recommends an award to Faust of $786.54 on the first counterclaim and has found the issues in favor of Condor and against Faust on the second and third counterclaims. Faust wants the report modified with respect to the second counterclaim.
This court will begin "by setting forth the applicable standards of CT Page 1511 review. Attorney trial referees are empowered to hear and decide issues of fact. . . . It is axiomatic that a reviewing authority may not substitute its findings for those of the trier of the facts. . . . The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the [attorney trial] referee. . . ." (Internal citations and quotation marks omitted.) Villano v.Polimeni, 54 Conn. App. 744 747-48, 737 A.2d 950 (1999).
In the second counterclaim, Faust seeks damages on the ground Condor violated General Statutes § 42a-9-504, which is the Uniform Commercial Code provision setting forth a secured party's right to dispose of collateral after default. Subparagraph three of this statute provides that "every aspect of the disposition . . . must be commercially reasonable . . ." and that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." Whether reasonable notice is a separate requirement of § 42a-9-504 (3) or merely one aspect of commercial reasonableness, reasonable notice must be given under the Uniform Commercial Code or the sale is commercially unreasonable. See Anderson, 10 Uniform Commercial Code § 9-504:285 et seq. Faust argues that the attorney trial referee's findings that Condor failed to comply with notice requirement of RISFA "compel the legal conclusion" that Faust proved under its second counterclaim that Condor failed to comply with the notice requirement of the Uniform Commercial Code.
The attorney trial referee's conclusion that Condor failed to prove that it complied with RISFA is not inconsistent with the referee's conclusion that Faust failed to prove her second counterclaim. The referee's findings show that the referee was cognizant of Faust's claim with respect to notification: "The second count alleges a failure to provide notification of the time and place of any public sale, or to conduct a commercially reasonable sale, as required by Conn. Gen. Stat. § 42a-9-504." See para. 47 of Report. The findings show Faust received notification that, while not in compliance with RISFA, was in compliance with the Uniform Commercial Code, which contains a slightly less strict standard on notice than RISFA. The findings show that Faust was aware of the repossession and the pending sale. "The defendant . . . testified that . . . she did receive some prior written notice and oral communications from the creditor. . . . [S]uch testimony was ambiguous and inconsistent." See finding 25. "Defendant authorized her husband to redeem the car on her behalf. . . ." See finding 28. Faust did not file a motion to correct the report. Since she has not done so, this court can CT Page 1512 not now modify the findings of fact. The attorney trial referee's conclusions are legally and logically correct and find support in the facts found.
Defendant Faust's objection is overruled and her request to modify the report is denied. Judgment is entered in accordance with the recommendations of the attorney trial referee.
THIM, J.