[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a foreclosure action. The plaintiff, Russell Waldo, has filed a mechanic's lien on the property located at West Pond Road, North Branford (the property) and now seeks to foreclose on the lien. The plaintiff has alleged that the estate of John Ohno was the owner of the property.
The plaintiff alleges that he "supplied services or materials in the improvement, subdivision and site development" of the property and that he has not been remunerated for his work. On January 26, 2001, the plaintiff filed a mechanic's lien on the property in the office of the town clerk of North Branford. The mechanic's lien was also properly recorded.
The plaintiff filed the present foreclosure action on June 7, 2001. He named Richard Ohno, as executor of the estate of John Ohno, as the defendant in the present case.
On December 17, 2001, Richard Ohno filed a motion for summary judgment. The motion was argued before the court on May 27, 2002.
Ohno claims that there is no genuine issue of material fact because the plaintiff has failed to serve notice upon all the owners. In support of his motion, Ohno has attached his affidavit, a certificate of notice for land records, newspaper notice to creditors regarding the estate of John Ohno, a copy of John Ohno's will, the death certificate of Roy Ohno and a return of service.
"While an error in the property description, or other scrivener's errors may not necessarily be fatal to the lien, a failure to comply with the statutory requirements of service deprives the court of jurisdiction. Proper service is a fundamental and mandatory requisite going to the matter or jurisdiction and is not a mere mistake which can be overlooked." Nadeau v. Bagley, Superior Court, judicial district of CT Page 11298 Tolland at Rockville, Docket No. CV 93 054613 (September 12, 1994,Klaczak, J.) This result is so because, "[i]n Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. . . . Where a statutory right of action is at issue, the statute must be strictly construed, and the statutory remedy selected is the plaintiffs sole right of recovery." (Citations omitted; internal quotation marks omitted.) Anthony Julian Railroad ConstructionCo. v. Mary Ellen Drive Associates, 50 Conn. App. 289, 296, 717 A.2d 294
(1998).
Though the motion before the court is a motion for summary judgment, "subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Internal quotation marks omitted.) Webster Bank v.Zak, 259 Conn. 766, 774, 792 A.2d 66 (2002). Accordingly, the court treats the motion for summary judgment as a motion to dismiss. See, e.g., Moss v. Commissioner of Correction, Superior Court, judicial district of Waterbury, Docket No. CV 97-0140789 (September 17, 2001,Holzberg, J.).
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . [T]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400
(2001).
Statutory law determines when a mechanic's lien is valid and, therefore, determines the court's subject matter jurisdiction over a mechanic's lien foreclosure. General Statutes § 49-34 provides in relevant part that "[a] mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land. . . ." Ohno does not contest that the plaintiff properly filed his certificate as alleged. Ohno does argue, however, that the plaintiff failed to serve all persons with an ownership interest because his brother's wife, under the will, has an ownership interest. CT Page 11299
"[Section] 49-34 requires that all owners who acquired an ownership interest before the recording of the mechanic's line must be served with a certificate of lien. [Papa v. Greenwich Green, Inc., 177 Conn. 295,303, 416 A.2d 1196 (1979)]; see also Kababik v. Hydraulic Repair Co.,Inc., Superior Court, judicial district of Ansonia-Milford, Docket No. 039756 (September 3, 1992, McGrath, J.) (where property is owned jointly, all joint owners must be served with notice of recording of lien because each owner has an undivided interest in the property);Diversified Floors, Inc. v. Shaw, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 503291 (April 13, 1993,Satter, J.) (all joint owners of a property must be provided with notice of recording of lien)." Santa Fuel, Inc. v. Varga, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 00 0374050 (May 30, 2001, Brennan, J.). It is undisputed that Ohno was the only party who was served. Therefore, if anyone else has an ownership interest, the court would lack subject matter jurisdiction over the case.
"Under Connecticut law, title to real property passes to a named devisee at the time of death of the owner, subject to divestment if, in the course of administration, funds are needed for debts and expenses."Villano v. Polimeni, 54 Conn. App. 744, 745 n. 2, 737 A.2d 950, cert. denied, 251 Conn. 908, 739 A.2d 264 (1999). Accordingly, the court first looks to the will to determine who was the owner or owners of the property at the death of John Ohno.[1]
The will states: "I give, devise, bequeath my house on West Pond Road, North Branford, Connecticut, together with five acres of land in and around said house to my son RICHARD JOHN OHNO, to be his absolutely and forever." The will also states: "I give, devise and bequeath all the rest and residue of my estate, whether real, personal or mixed, of whatever nature and wheresoever situated, which I may own or have the right to dispose of at the time of my death, unto my sons, ROY OHNO and RICHARD JOHN OHNO, to be theirs absolutely and forever, equally, share and share alike."
From the will provided to the court, Richard Ohno was a specific devisee of the property. The will does not mention any other devisee. It, however, only specifically devises five acres to Ohno. The complaint alleges that the plaintiff worked on land that is nineteen acres in size. This indicates there was another owner, especially because the plaintiff has alleged that John Ohno owned a nineteen acre parcel at his death.
Moreover, the court must construe "pleadings broadly and CT Page 11300 realistically, rather than narrowly and technically." Witczak v. Gerald,69 Conn. App. 106, 108, 793 A.2d 1193 (2002). In its complaint, the plaintiff alleges that it was to perform work to subdivide the property. It is hard to imagine that the parties could realistically subdivide five acres. Accordingly, more than the five acres devised in the will is at issue in the present case.
The complaint alleges that John Ohno owned the full nineteen acres before his death. Under the will, five acres was devised to Richard Ohno, but the residue was devised equally to Roy and Richard Ohno.[2]
The only party served was Richard Ohno. Accordingly, because the plaintiff has failed to serve notice upon any other party who is an owner, the court lacks subject matter jurisdiction over the present case.
For the reasons herein stated, it is submitted that the court dismisses the present case.
 ___________________ Donald W. Celotto Judge Trial Referee